IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONANZIN VILLALOBOS, <br><br> Plaintiff, <br> v. <br><br> STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, <br><br> Defendant. | Case No. 17-cv-3714 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES, Plaintiff, TONANZIN VILLALOBOS, (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel of record, and complains against Defendant, STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY (hereinafter referred to as "Defendant"), states as follows:

### JURISDICTION AND VENUE

1. This is an action brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended (hereinafter the "ADA"), and the Illinois Human Rights Act, 775 Ill. Comp. Stat. § 5/1-101 *et seq.*, (hereinafter the "IHRA"), jurisdiction is proper under 28 U.S.C. § 1331 and 42 U.S.C. § 12117 (a).

2. Venue is proper in this judicial district under 28 U.S.C. § 1391, in that Defendant employed Plaintiff in this judicial district, Defendant conducts business in this judicial district, and all of the unlawful conduct alleged herein was committed and continues to occur within the boundaries of the Northern District of Illinois.

1

## ADMINISTRATIVE PROCEDURE

3. Plaintiff, Tonanzin Villalobos, on February 22, 2017, obtained the following Notice of Right to Sue, from the Equal Employment Opportunity Commission, in reference to her claim set forth herein: Notice of Right to Sue, Charge Number 21B-2016-00313, Defendant, Starbucks Corporation d/b/a Starbucks Coffee. (See Exhibit 1 attached hereto).

4. Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the February 22, 2017, Notice of Right to Sue.

## PARTIES

5. Plaintiff was hired by Defendant on July 9, 1996, and at all relevant times pertinent hereto, was employed as a district manager for Starbucks Corporation, in the City of Chicago, County of Cook.

6. Defendant is an employer as the term "employer" is defined within the meaning of Section 701(f) of Title VII, 42 USC § 2000(e)-(f).

7. Defendant is and was at all relevant times a duly registered corporation doing business within the State of Illinois and an employer within the definition of the ADA and the IHRA.

## COMMON FACTUAL ALLEGATIONS

8. Beginning on July 8, 2014, Plaintiff was diagnosed with Crohn's Disease, a chronic and ongoing inflammatory gastrointestinal disease. Since being diagnosed, Plaintiff has continued to suffer from Crohn's Disease. Due to this disease, Plaintiff experiences physical impairments that substantially limit one or more of her major life activities. Plaintiff's Crohn's Diseases makes her prone to debilitating symptoms

including, but not limited to; diarrhea, dehydration, fatigue, muscle cramps, fever and joint pain. Crohn's disease is a chronic condition and is marked by periods of acute exacerbation and uncontrollable symptoms and may lead to life-threatening complications.

    9. On or around July 8, 1996, Plaintiff commenced full time employment with Defendant. At all relevant times, Plaintiff was employed by Defendant as a Starbucks district manager of a high profile flagship location with eleven (11) stores in the Chicago market. At the time of her diagnosis, Plaintiff was under the direct supervision of regional directors Victoria Pohar and Susan Cortolillo. Beginning in January of 2015, Plaintiff was under the direct supervision of regional director, John Antonelli. At all relevant times, Plaintiff performed her job consistently within all legitimate expectations of her employer.

    10. Since the time of Plaintiff's diagnosis on July 8, 2014, Defendant has been aware that Plaintiff suffers from Crohn's Disease.

    11. At all relevant times thereafter, Plaintiff's supervisors knew about Plaintiff's medical condition. Prior to or during each of her medical absences and/or hospitalizations, Plaintiff immediately notified the Defendant and/or Defendant's representatives of the treatment and/or hospitalization and, if applicable, requested time off of work per the Family Medical Leave Act to receive the necessary medical attention.

    12. Plaintiff consistently performed her job duties to meet Defendant's expectations, and was continually commended about her performance. This is evident by her many awards including, but not limited to, an award for District Manager of the Year

for Business, multiple awards for district performance and one of the stores in her district being named in The Top 10 Coffeehouses in Chicago in March and April of 2015.

13. Due to the nature of Plaintiff's Crohn's Disease, she suffers from daily symptoms that result in periodic episodes of serious illness and flare-ups requiring medical attention, hospitalization and periodic time off of work.

14. Following Plaintiff's diagnosis of Crohn's Disease and subsequent medical absences, she experienced a marked change in the treatment she received by her supervisors and other personnel.

15. At the time she notified her regional directors of her diagnosis, and before she required any medical absences, Plaintiff was immediately asked if she needed to be transferred to another, less demanding district. Plaintiff assured her district managers that she was able to perform the essential functions of her job in the same exemplary manner as she always had.

16. Beginning in January of 2015, when John Antonelli became Plaintiff's supervising regional director, and at all relevant times thereafter, he repeatedly inquired about Plaintiff's Crohn's Disease and was often asked if she needed to transfer to a slower District. During these conversations, John Antonelli continued to question Plaintiff's capabilities to manage her high profile district due to her Crohn's Disease and eventually insisted she give up the Oak and Rush location. Plaintiff continued to assure John Antonelli that she was able to perform her job as Plaintiff had always done in the past.

17. On February 21, 2015, Plaintiff became very ill during a store manager financial meeting at Starbuck's Corporate Office. Plaintiff almost fainted and was

4

subsequently admitted into the Emergency Room and was hospitalized for three (3) days for severe flare-up and bowel obstruction.

18.  In March and April of 2015, Plaintiff began experiencing hair loss and endured frequent and severe flare-ups of her disease.

19.  On or about March 22, 2015, regional manager Sue Cortolillo began interviewing store managers in Plaintiff's district in regards to Plaintiff's strengths and weaknesses while Plaintiff was absent on vacation.  Plaintiff was being treated differently than other district managers not suffering from Crohn's Disease, as these roundtable investigations were not being conducted in other districts about other district managers.

20.  On May 11, 2015, Plaintiff became seriously ill while working, rendering her unable to function normally and forcing her to leave work early.

21.  On or about May 18, 2015, a roundtable investigation was held with store managers regarding Plaintiff's performance.  These roundtable investigations were being conducted even though the Oak and Rush store location in her district had just been named in The Top 10 Coffeehouses in Chicago.  Again, Plaintiff was being treated differently than other district managers not diagnosed with Crohn's Disease, as these roundtable investigations were not being conducted in other districts about other district managers.

22.  On or about June 19, 2015, regional manager John Antonelli and Plaintiff had an in-person meeting where he stated that he was not pleased with Plaintiff's performance and stated that he needed the "old" Toni back.  He also stated that the "new" Toni was paranoid.  He again inquired about Plaintiff's Crohn's Disease, and Plaintiff again assured him that she was able to perform her job as she always had.

5

23. On or about June of 2015, one of Plaintiff's stores was taken away from her and was given to a district manager without a disability, Linda Johnson.

24. Beginning in or about July of 2015, regional Director John Antonelli began communicating directly with Plaintiff's store managers, as opposed to communicating first with the Plaintiff. In other districts where the district manager did not suffer from a disability, John Antonelli would communicate through the district managers and would not go directly to individual store managers like he did in Plaintiff's district.

25. While in the past, deference had been given to district managers to find their substitutes during an absence, regional director John Antonelli refused this common practice when Plaintiff was planning her approved leave of absence pursuant to the Family Medical Leave Act for surgical intervention related to her Crohn's Disease. While Plaintiff had arranged for district manager Michael Muller to take over Plaintiff's district in her absence, John Antonelli refused and demanded that district manager Linda Johnson take over. This is the same district manager had previously been given one of Plaintiff's stores.

26. During Plaintiff's scheduled vacation from August 7, 2015 through August 9, 2015, Plaintiff experienced another serious flare-up, bowel obstruction and infected gallbladder for which she was again hospitalized. Following this hospitalization, Plaintiff's treating physicians recommended immediate surgery. Plaintiff informed regional director, John Antonelli, about this surgery recommendation at which time she was asked to delay the surgery because a high ranking executive of Starbucks Corporation was visiting Chicago. Out of fear of retaliation, Plaintiff was forced to delay this surgery for approximately two (2) weeks.

27. On or about August 24, 2015, while on medical leave, Plaintiff was contacted by a former co-worker who told Plaintiff that regional manager Sue Cortolillo called her and offered to rehire her in exchange for information about Plaintiff. Around the same time Plaintiff was told by other co-workers that regional manager Sue Cortolillo was conducting another investigation about Plaintiff during Plaintiff's medical leave.

28. On August 26, 2015, Plaintiff was admitted into the hospital and endured three (3) surgeries including a cholangiogram, a cholecystectomy and an ileocolectomy. Plaintiff originally planned a two (2) week medical leave of absence to recover from these surgeries pursuant to the Family Medical Leave Act.

29. Due to the delay in the recommended surgeries, Plaintiff's condition worsened, and her treating physicians required that she take an extended leave beyond the originally planned two (2) weeks in order to fully recover. Plaintiff extended her medical leave under the Family Medical Leave Act until she was able to be released back to work on September 28, 2015.

30. On September 27, 2015, while Petitioner was still on approved medical leave and recovering from surgery, Plaintiff's name was deleted from in the Starbucks employee computer system and was replaced with district manager Linda Johnson.

31. On September 28, 2015, on Plaintiff's first day back at work following her approved medical leave, she was immediately terminated. Despite multiple inquiries from the Plaintiff, regional manager John Antonelli refused to provide Plaintiff with any details regarding the basis for her termination. Plaintiff's disability was a substantial or motivating factor in the Defendant's decision to terminate Plaintiff's employment.

32. Plaintiff was terminated because of her disability, or, in the alternative because she was regarded as being disabled. Defendant unlawfully based its decision to terminate Plaintiff's employment in whole or in part on her hospitalizations, leaves of absence and requests to seek medical treatment, and for otherwise exercising her right to attain medical benefits. Defendant's decision to terminate Plaintiff's employment was also based in anticipation of the fact that she would take future leave under the Family Medical Leave Act and incur medical benefits to which she was lawfully entitled.

33. During the time period between January of 2015 and her involuntary termination on September 28, 2015, Plaintiff was given the largest and most unrealistic financial targets of all district managers in the Midwest Region by a large margin. These targets were also significantly higher than they had ever been in the past. Plaintiff often expressed concern to her supervisors about these increased targets, and Plaintiff was told by other district managers that her financial targets were unrealistic. Due to these unrealistic targets, Plaintiff's lost out on bonus opportunities for the first time in decades, which significantly impacted her finances. Plaintiff felt that she was given these unrealistic financial targets by Defendant to harass her because of her disability and to ultimately force Plaintiff to resign from her position as a Starbuck district manager.

34. Defendant's actions interfered with the terms and conditions of Plaintiff's employment. Plaintiff was exposed to multiple adverse employment actions due to her disability and diagnosis of Crohn's Disease including, but not limited to, stripping her of responsibilities, delaying necessary medical care, treating non-disabled similarly situated employees more favorably than her and ultimately unlawfully terminating her employment.

## COUNT 1
## DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

1-34. Plaintiff hereby restates and realleges paragraphs 1-35 of the Complaint as if set forth fully herein as paragraphs 1-35 of Count I.

35. Plaintiff is disabled, as the term is defined by the ADA, in that she suffers from Crohn's Disease, a chronic and at times fatal, gastrointestinal disease. Further, Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodations.

36. Following her diagnosis on July 8, 2014, Defendant was made aware that Plaintiff suffers from Crohn's Disease. Further, Defendant was aware that Plaintiff's disability caused several symptoms that would occur while she was at work that were not common to her fellow co-workers.

37. Following her diagnosis on July 8, 2014, Plaintiff has been a "qualified individual with a disability" in that she is "an individual with a disability who, with or without reasonable accommodation, [is] able to perform the essential functions of the employment position that [she] held." See 42 U.S.C. § 12111(8).

38. Title I of the ADA makes it unlawful for an employer to discriminate against an employee on the basis of an employee's disability, because of a record of the disability or because the employer regards the employee as suffering from a disability; the ADA further makes it unlawful to retaliate against any employee who has opposed an unlawful employment practice.

39. By its conduct as alleged herein, Defendant discriminated against and retaliated against Plaintiff based on her disability in violation of the ADA.

40. By its conduct as alleged herein, Defendant also failed to reasonably accommodate Plaintiff's disability and instead created an adverse work environment by failing to act upon Plaintiff's complaints of unequal treatment in the workplace due to her disability and ultimately terminating Plaintiff's employment based upon her disability.

41. Defendant's conduct toward Plaintiff constitutes discrimination under the ADA and said discrimination was intentional and/or willful and was made with reckless indifference to her rights.

42. As a result of Defendant's conduct, Plaintiff has lost wages, has suffered embarrassment and humiliation, unnecessary mental and emotional distress and suffering, irreparable damage to her physical self, and irreparable damage to her reputation.

WHEREFORE, the Plaintiff, TONANZIN VILLALOBOS, prays that this Honorable Court order such relief as is necessary to make her whole, including the following:

    A.    Declare that Defendant's conduct was unlawful in violation of the Americans with Disabilities Act of 1990;

    B.    Award Plaintiff the value of all compensation lost as a result of Defendant's unlawful conduct;

    C.    Award Plaintiff any applicable compensatory and punitive damages;

    D.    Award Plaintiff reasonable attorney's fees, costs and disbursements;

    E.    Enjoin Defendants and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

    F.    Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

G.  Award Plaintiff any and all other relief as this Court deems just in the premises.

## COUNT II
## DISCRIMINATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

1-34.  Plaintiff hereby restates and realleges paragraphs 1-35 of the Complaint as if set forth fully herein as paragraphs 1-35 of Count II.

35.  Defendant, through its managers, supervisors, and officials acting on behalf of Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Illinois Human Rights Act, 775 Ill. Comp. Stat. §§ 5/1-101 *et seq.*  These practices include, but are not limited to, Defendant's failure to reasonably accommodate Plaintiff and altering the terms and conditions of her employment because of her disability, perceived disability, and/or record of being disabled.

36.  Defendant failed to take all reasonable steps to prevent discrimination based upon Plaintiff's disability, perceived disability, and/or record of being disabled.

37.  The effect of the practices complained of herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability, perceived disability, and/or record of being disabled.

38.  The unlawful employment practices complained of herein were intentional and were performed by Defendant with malice and/or reckless indifference to the anit-discrimination laws which protect Plaintiff.

39.  As a direct and proximate result of Defendant's conduct, Plaintiff has lost wages, has suffered embarrassment and humiliation, unnecessary mental and emotional

11

distress, irreparable damage to her physical self and irreparable damage to her reputation, and other severe damage.

WHEREFORE, the Plaintiff, TONANZIN VILLALOBOS, prays that this Honorable Court order such relief as is necessary to make her whole, including the following:

A. Declare that Defendant's conduct was unlawful in violation of the Illinois Human Rights Act;

B. Award Plaintiff the value of all compensation lost as a result of Defendant's unlawful conduct;

C. Award Plaintiff any applicable compensatory and punitive damages;

D. Award Plaintiff reasonable attorney's fees, costs and disbursements;

E. Enjoin Defendants and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

F. Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

G. Award Plaintiff any and all other relief as this Court deems just in the premises.

## COUNT III
### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

1-34. Plaintiff hereby restates and realleges paragraphs 1-35 of the Complaint as if set forth fully herein as paragraphs 1-35 of Count III.

35. At all times relevant hereto, Plaintiff performed her duties with Defendant in a manner that met or exceeded Defendant's legitimate expectations.

12

36. By complaining to Defendant about discrimination and harassment, and by filing a Charge of Discrimination with the EEOC, Plaintiff engaged in an activity protected under the Americans with Disabilities Act.

37. In retaliation for Plaintiff's complaints to Defendant and filing her Charge of Discrimination with the EEOC, Defendant subjected Plaintiff to adverse and retaliatory employment action as alleged in the Common Factual Allegations hereinabove.

38. Defendant's actions and failure to act with respect to Plaintiff constituted a malicious and reckless indifference to Plaintiff's federally protected rights.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has lost wages, has suffered embarrassment and humiliation, unnecessary mental and emotional distress, irreparable damage to her physical self and irreparable damage to her reputation, and other severe damage.

WHEREFORE, the Plaintiff, TONANZIN VILLALOBOS, prays that this Honorable Court order such relief as is necessary to make her whole, including the following:

- A. Enter an order finding that Defendant discriminated and retaliated against Plaintiff on the basis of his disability in violation of the Americans with Disabilities Act;

- B. Award Plaintiff any applicable compensatory and punitive damages;

- C. Award Plaintiff reasonable attorney's fees and costs incurred in this action;

- D. Order Defendant to cease and desist from discrimination and retaliating against its employees on the basis of disability in violation of the Americans with Disabilities Act; and

- E. Grant Plaintiff such further relief as the Court deems necessary and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

1-34. Plaintiff hereby restates and realleges paragraphs 1-35 of the Complaint as if set forth fully herein as paragraphs 1-35 of Count IV.

35. At all times relevant hereto, Plaintiff performed her duties with Defendant in a manner that met or exceeded Defendant's legitimate employment expectations.

36. By complaining to Defendant about discrimination and harassment, and by filing a Charge of Discrimination with the IDHR and cross-filed with the EEOC, Plaintiff engaged in an activity protected under the Illinois Human Rights Act.

37. In retaliation for Plaintiff's complaints to Defendant and filing her Charge of Discrimination with the IDHR and cross-filed with the EEOC, Defendant subjected Plaintiff to adverse and retaliatory employment action as alleged in the Common Factual Allegations hereinabove.

38. Defendant's actions and failure to act with respect to Plaintiff constituted a malicious and reckless indifference to Plaintiff's state protected rights.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has lost wages, has suffered embarrassment and humiliation, unnecessary mental and emotional distress, irreparable damage to her physical self, and irreparable damage to her reputation, and other severe damage.

WHEREFORE, the Plaintiff, TONANZIN VILLALOBOS, prays that this Honorable Court order such relief as is necessary to make her whole, including the following:

    A.    Enter an order finding that Defendant discriminated and retaliated against Plaintiff on the basis of his disability in violation of the Illinois Human Rights Act;

    B.    Award Plaintiff any applicable compensatory and punitive damages;

    C.    Award Plaintiff reasonable attorney's fees and costs incurred in this action;

    D.    Order Defendant to cease and desist from discrimination and retaliating against its employees on the basis of disability in violation of the Illinois Human Rights Act; and

    E.    Grant Plaintiff such further relief as the Court deems necessary and proper.

Dated: May 17, 2017                        Respectfully Submitted,

                                                          */s/ Donald J. Angelini, Jr.*
                                                          Donald J. Angelini, Jr.
                                                          Angelini & Ori, LLC
                                                          155 N. Michigan Avenue, Suite 400
                                                          Chicago, Illinois 60601
                                                          Ph: 312.621-0000
                                                          F: 312.621-0001
                                                          dangelini@angeliniorilaw.com

                                                          Counsel for Plaintiff, Tonanzin Villalobos

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions or facts raised by the Complaint.

Dated: May 17, 2017                        Respectfully Submitted,

                                                          */s/ Donald J. Angelini, Jr.*
                                                          Donald J. Angelini, Jr.
                                                          Angelini & Ori, LLC
                                                          155 N. Michigan Avenue, Suite 400
                                                          Chicago, Illinois 60601
                                                          Ph: 312.621-0000
                                                          F: 312.621-0001
                                                          dangelini@angeliniorilaw.com

                                                          Counsel for Plaintiff, Tonanzin Villalobos

## CERTIFICATE OF SERVICE

I, Donald J. Angelini, Jr., hereby certifies that on May 17, 2017, I filed the above First Amended Complaint using the CM/ECF system, which will electronically transmit a copy of the foregoing document.


Dated:  May 17, 2017 	_/s/ Donald J. Angelini, Jr.__

# EXHIBIT A

EEOC Form 161-B (11/16)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Tonanzin Villalobos
c/o Dina Ninfo, Esq.
Angelini & Ori, LLC
155 N. Michigan Avenue, Suite 400
Chicago, IL 60601

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2016-00313 | Daniel Lim, State & Local Coordinator | (312) 869-8082 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/ht*
Julianne Bowman,
District Director

February 22, 2017
*(Date Mailed)*

Enclosures(s)

cc: STARBUCKS CORPORATION
d/b/a STARBUCKS COFFEE
c/o Lisa Claxton, Esq.
Littler Mendelson, PC
2301 McGee Street, 8th Floor
Kansas City, MO 64108